UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIKA HUDSON and PHILLIP HUDSON, JR.,

        Plaintiffs,                      Case No. 13-cv-14684

v                                                Honorable Thomas L. Ludington

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant and Third-Party Plaintiff,

v

UNITED CASUALTY INSURANCE COMPANY OF
AMERICA,

        Third-Party Defendant.

_____/

## ORDER GRANTING UNITED CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS AND CANCELLING HEARING

In December 2012, a fire destroyed the house Plaintiffs were renting. Plaintiffs' personal property was insured by two separate insurance policies: one with State Farm, the other with United Casualty Insurance. After investigating Plaintiffs' claim for loss of personal property, State Farm denied liability. Plaintiffs then initiated this suit against State Farm in November 2013, seeking damages for breach of the insurance policy.

Plaintiffs also submitted a claim for loss with United Casualty, who closed the Plaintiffs' claim but suggested that it could be reopened at a later time. Plaintiffs did not initiate any legal action against United Casualty.

On August 13, 2014, State Farm filed a Third-Party Complaint against United Casualty, contending that, if State Farm was liable to Plaintiffs, then United Casualty would also be liable

for Plaintiffs' loss. On January 5, 2015, United Casualty filed a motion to dismiss the Third-Party Complaint, which will be granted because State Farm has not stated a claim for which relief may be granted.[1]

# I

On December 3, 2012, a fire destroyed a residential property located at 1104 W. Genessee Avenue, Saginaw, Michigan. Compl. ¶ 5-6. Plaintiffs, Erika and Phillip Hudson, Jr., were renting and living in the property at the time of the fire.

Plaintiffs had insured their personal property under two insurance policies. The first insurance policy was through State Farm (limiting liability to $100,000); the second, with United Casualty Insurance Company (limiting liability to $20,000). After the fire, Plaintiffs filed a claim for loss with State Farm. Compl. ¶ 8.

After an investigation into the circumstances surrounding the December 3, 2012 fire, State Farm formally denied liability pursuant to the policy's Intentional Acts exclusion and its Concealment or Fraud provisions. Resp. 1. On October 28, 2014, Plaintiffs filed suit against State Farm seeking damages for breach of the insurance policy. State Farm removed the action to federal court on November 12, 2013.

On August 13, 2014, State Farm filed a Third-Party Complaint against United Casualty, which also provided insurance coverage to Plaintiffs at the time of the fire. State Farm contends that, if Plaintiffs' lawsuit is successful, then State Farm would be entitled to contribution from United Casualty.

---

[1] Plaintiffs Erika and Phillip Hudson did not respond to United Casualty's motion to dismiss or State Farm's response.

On January 5, 2015, United Casualty filed a motion to dismiss the Third-Party Complaint. United Casualty asserts that State Farm lacks standing to sue on behalf of Plaintiffs and that State Farm's claim for contribution fails as a matter of law.

## II

United Casualty first contends that this Court lacks subject matter jurisdiction over the claims in State Farm's Third-Party Complaint because State Farm lacks standing. A court's subject matter jurisdiction is a "threshold determination" that may be challenged by motion under Rule 12(b)(1). *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). To prove jurisdiction, the plaintiff must establish that it has standing to litigate a particular claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case."). To have standing, a plaintiff must meet three requirements: (1) injury in fact, (2) causation, and (3) redressability. *Id*. "At its essence, Article III standing requires the plaintiff to have some personal and particularized stake in the dispute." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 253 (6th Cir. 2014) (citing *Raines v. Byrd*, 521 U.S. 811, 818-19 (1997).

### A

According to United Casualty, State Farm lacks standing to enforce Plaintiffs' insurance policy with United Casualty. That is, to the extent that State Farm claims that United Casualty must pay insurance benefits directly to Plaintiffs, State Farm lacks standing to make this claim.

United Casualty acknowledges that it had an insurance policy with Plaintiffs in effect at the time of the fire. However, United Casualty claims that only Plaintiffs can enforce the terms of the insurance policy, and they have not chosen to do so. And because State Farm is not a party to the insurance policy contract, and because State Farm is not a third-party beneficiary of

the contract between United Casualty and the Plaintiffs, State Farm lacks standing to enforce the terms of the United Casualty insurance policy contract. *Slorp*, 2014 WL 4800100 (citing *Kaplan*, 266 F.3d 598, 602-03 (7th Cir. 2001)). State Farm does not dispute this contention, and therefore State Farm lacks standing to enforce the insurance policy between United Casualty and Plaintiffs. Therefore, to the extent that State Farm seeks this type of relief, the claim will be dismissed.

**B**

Although State Farm does not have standing to enforce the insurance policy contract between United Casualty and Plaintiffs, State Farm does have standing to bring a subrogation claim. "Under Michigan law, the right of an insurer who pays the total amount of a loss to seek contribution from a co-insurer who also is on the risk is based on the theory of subrogation." *Central Michigan Bd. of Trustees v. Employers Reinsurance Corp.*, 117 F. Supp. 2d 627, 638 (E.D. Mich.) (citing *Detroit Automobile Inter-Insurance Exchange v. Detroit Mut. Auto. Ins. Co.*, 59 N.W.2d 80 (1953). In other words, if State Farm were found liable for the total amount of a loss, it would have standing to seek contribution from a co-insurer—such as United Casualty.

Therefore, State Farm has standing to bring a subrogation claim against United Casualty, and United Casualty's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) will be denied.

**III**

United Casualty next contends that the Third-Party Complaint should be dismissed because State Farm has not pleaded a claim for relief. United Casualty explains that State Farm is unable to seek contribution because State Farm cannot be held liable for the full amount of the loss: "as a matter of law, [State Farm's] liability will be limited by the 'other insurance' clause

found in the State Farm Policy regardless of whether United Casualty is a party." Thus, United Casualty claims that the express terms of State Farm's insurance policy with Plaintiffs precludes Plaintiffs from recovering the full amount of loss from State Farm.

Because United Casualty's argument relies on the insurance policy contract between State Farm and the Plaintiffs, the Court must look to the terms of the insurance policy. Michigan courts adhere to the rule that the policy language must be given effect, if at all possible. *Bosco v. Bauermeister*, 571 N.W.2d 509, 513 (Mich. 1997) (citing *St. Paul Fire & Marine Ins. Co. v. American Home Assurance Co.*, 514 N.W.2d 113, 118 (Mich. 1994). Insurance policies are subject to the same rules of interpretation that apply to the interpretation of contracts. *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005). "A contract must be interpreted according to its plain and ordinary meaning." *Holmes v. Holmes*, 760 N.W.2d 300, 311 (Mich. Ct. App. 2008). Therefore, the policy language is most important in analyzing the claims.

The relevant portion of State Farm's insurance policy provides that it is responsible only for its pro rata share of insurance coverage:

> 5. **Other Insurance**. If a loss covered by this [State Farm] policy is also covered by other insurance, we will pay only our share of the loss. Our share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

Mot. Dismiss Ex. 1B at 29. Thus, State Farm included a pro-rata insurance clause in its insurance policy. *See St. Paul Fire & Marine Ins. Co. v. American Home Assur. Co*, 514 N.W.2d 113, 115 (Mich. 1994) ("A pro-rata clause . . . purports to limit the insurer's liability to a proportionate percentage of all insurance covering the event . . . .") (citing *Federal Kemper Ins. Co., Inc. v. Health Ins. Administration Co., Inc.*, 383 N.W.2d 590, 592 (Mich. 1986)).

Such a pro rata clause generally becomes effective when other valid and collectible primary insurance is available. *St. Paul Fire*, 514 N.W.2d at 116 (citing *Jones v. Medox, Inc.*,

430 A.2d 488) (D.C. App. 1981). Here, Plaintiffs took out a second insurance policy on their personal property with United Casualty. Like State Farm, United Casualty included a pro rata clause in the insurance policy:

> **8. Other Insurance**. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss which the limit of liability that applies under this policy bears to the total amount of insurance covering the loss, whether collectible or not.

Ex. 2 at 10.

When property is covered by multiple insurance policies, a court must reconcile those clauses. *Flint Auto Auction, Inc. v. Universal Underwriters Ins. Co.*, 2013 WL 6409984, at *5 (E.D. Mich. Dec. 9, 2013) (citing *Pioneer State Mut. Ins. Co., v. TIG Ins. Co.*, 581 N.W.2d 802 (1998). Here, given that each clause is a pro-rata clause, the two insurance policy clauses are complementary: State Farm and United Casualty are only responsible for their respective share of the loss. Thus, this Court can give effect to the intent of both policies, which is the preferred practice in Michigan. *See Liberty Mut. Ins. Co. v. Allstate Ins. Co.*, 1997 WL 33354716, at *1 (Mich. Ct. App. Feb. 11, 1997) (citing *St. Paul Fire*, 514 N.W.2d at 166); *see also Zurich-American Ins. Co. v. Amerisure Ins. Co.*, 547 N.W.2d 52, 59 (Mich. Ct. App. 1996) ("Because both policies are consistent with regard to how liability is to be allocated in situations where, as here, there are two policies that provide primary coverage, liability may be allocated in accordance with the policy language.").

Therefore, to the extent that State Farm must provide coverage for the loss of Plaintiffs' personal property—which is covered by both State Farm's and United Casualty's insurance policies—State Farm can only be required to pay for its pro rata share of that loss. For anything beyond that pro rata share, State Farm will not be liable given the pro rata clause in its insurance policy. For instance, in *State Auto. Ins. Co. v. Sherman*, two insurance policies provided

coverage for the same injury. 2006 WL 1412766, at *4 (Mich. Ct. App. 2006). The court determined that because both insurance policies provide coverage, "the insurers are obligated to provide coverage according to the 'Other Insurance' clauses in the insurance policies." *Id*. at *4. And because each insurance policy included a pro-rata clause, the liability for the loss was split pro-rata between the two insurers:

> Both policies state that where multiple insurance policies provide primary coverage for the same loss, the insurers are obligated [to] provide coverage on a pro-rata basis. Thus, because each insurer's limit of insurance constitutes 50 percent of the total applicable limits of insurance, the judgment in favor of [Insurance Company #1] is vacated and the case is remanded for entry of a judgment declaring that [Insurance Company #2] and [Insurance Company #1] are each obligated to pay 50 percent . . . .

*Id*. at *4.

As in *State Auto. Ins. Co. v. Sherman*, here there are two insurance policies providing coverage for the personal property at issue,[2] and each contains a pro-rata clause purporting to limit liability. These insurance policies are complementary, and State Farm—by the terms of its insurance policy contract—can never be liable for more than its pro-rata share of losses.[3] That is, there is no situation in which State Farm can be forced to pay for losses over and above the amounts provided in its insurance policy. Therefore, State Farm's Third-Party complaint will be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

---

[2] The "Other Insurance" clauses only come into play when two insurance policies cover the same injury or property. Neither party asserts that Plaintiffs' property is not covered by both insurance policies. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection and Ins. Co.*, 415 F.3d 487, 499 (6th Cir. 2005) ("[T]he policies do not cover the same loss or damage. Consequently, the parties 'other insurance' clauses do not come into effect.").

[3] If liable for the loss, State Farm's pro-rata share equates to a little more than 83% of the total loss. State Farm lists its liability for personal property damage to $100,000.00. Ex. 1-A. United Casualty limits its liability for personal property to $20,000.00. Ex. B at 4. In sum, Plaintiffs' personal property is covered by two insurance policies for a total of $120,000.00. State Farm's liability therefore appears to be limited to about 83.3% of the total loss ($100,000 / $120,000 = .8333333).

## IV

Accordingly, it is **ORDERED** that United Casualty's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 31) is **GRANTED**.

It is further **ORDERED** that the hearing set for March 23, 2015 is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 24, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS

---